UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLENE JOHNSON, | No.  2:14-cv-00663-MCE-AC |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| SAN JOAQUIN COUNTY SHERIFF'S DEPARTMENT, SAN JOAQUIN COUNTY SHERIFF STEVE MOORE IN HIS OFFICIAL CAPACITY, and DOES 1-100, inclusive, | |
| Defendants. | |

In filing the present action against the San Joaquin County Sheriff's Department and San Joaquin County Sheriff Steve Moore (collectively "Defendants"), Plaintiff Jolene Johnson ("Plaintiff") alleges a cause of action pursuant to 42 U.S.C. § 1983, asserting Defendants were deliberately indifferent to her medical needs.  Currently before the Court is Defendant San Joaquin County Sheriff's Department's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF No. 17.  For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

1

# BACKGROUND[2]

2

3      This complaint stems from an incident in 2011 at the San Joaquin County Jail

4  ("SJCJ").  On August 31, 2011, Plaintiff was booked into the SJCJ and given a medical

5  evaluation.  That examination revealed that Plaintiff was approximately five to six weeks

6  pregnant with no indication of  any pre-natal health problems.  Pre-natal vitamins, which

7  had been prescribed by Plaintiff's doctor, were sent and received by staff at SJCJ, but

8  were never administered to Plaintiff.

9      On or about October 18, 2011, Plaintiff fell in the jail shower and slammed her

10  lower back onto a tile step.  Plaintiff alleges she was in immediate pain, which she

11  relayed to SJCJ staff as they attempted to move her.  Plaintiff asserts she was worried

12  about her unborn child, but that SJCJ staff undertook no meaningful examination and

13  instead merely declared that she was fine since she was able to move her right arm.  No

14  further tests were conducted.

15      Throughout the following day, Plaintiff continued to experience pain in her lower

16  back and abdomen area and requested several times that an ultrasound be

17  administered.  No ultra sound was ever performed.  Approximately two days after the

18  fall, Plaintiff miscarried.  Later, after being transported to Valley State Prison, Plaintiff

19  was diagnosed with a fractured lower back.

20      Plaintiff initiated an action in the San Joaquin County Superior Court, and on or

21  about February 13, 2014, filed a second amended complaint against Defendants,

22  alleging causes of action for wrongful death, negligence, negligent infliction of emotional

23  distress, and intentional infliction of emotional distress.  Opp. to Mot. to Dismiss, ECF

24  No. 22, 5:1-4.  On or about March 17, 2014, Defendants filed a demurrer to the second

25  amended complaint, arguing that Plaintiff did not file a government tort claim within the

26  time required by the California Tort Claims Act before filing a law suit against a public

27  entity.  Id. at 5:4-8.  Absent such exhaustion, according to Defendants, the state lawsuit

28
_____
[2] Unless otherwise noted, the following facts are taken from Plaintiff's Complaint. ECF No. 1.

1   did not state any viable claims.  That action was thereafter dismissed with prejudice on

2   April 10, 2014.  Id. at 5:8-11.  Plaintiff then filed the federal action currently before the

3   Court.

4

5   **STANDARD**

6

7   On a motion to dismiss for failure to state a claim under Federal Rule of Civil

8   Procedure 12(b)(6), all allegations of material fact must be accepted as true and

9   construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

10  Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain

11  statement of the claim showing that the pleader is entitled to relief' in order to 'give the

12  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

13  Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

14  47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

15  detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

16  his entitlement to relief requires more than labels and conclusions, and a formulaic

17  recitation of the elements of a cause of action will not do."  Id. (internal citations and

18  quotations omitted).  A court is not required to accept as true a "legal conclusion

19  couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

20  Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief

21  above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &

22  Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the

23  pleading must contain something more than "a statement of facts that merely creates a

24  suspicion [of] a legally cognizable right of action.")).

25  Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

26  assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and

27  quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

28  to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

3

1   the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles

2   Alan Wright & Arthur R. Miller § 1202, supra, at 94, 95).  A pleading must contain "only

3   enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the

4   "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible,

5   their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may

6   proceed even if it strikes a savvy judge that actual proof of those facts is improbable,

7   and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v.

8   Rhodes, 416 U.S. 232, 236 (1974)).

9                                                   **ANALYSIS**

10

11              **A.  Defendant's Request for Judicial Notice**

12              The court may take judicial notice of public records "without converting a motion

13   to dismiss into a motion for summary judgment." Lee v. City of Los Angeles, 250 F.3d

14   668, 689 (9th Cir. 2001).  Materials from a proceeding in another tribunal are appropriate

15   to be judicially noticed. Papai v. Harbor Tug & Barge Co., 67 F.3d 203, 207 n.5 (9th Cir.

16   1995), rev'd on other grounds by Harbor Tug and Barge Co. v. Papai, 520 U.S. 548

17   (1997) (taking judicial notice of a decision and order of an administrative law judge);

18   MGIC Indemnity Corp. v. Weisman, 803 F.2d 500, 504–05 (9th Cir. 1986) (taking judicial

19   notice of allegations made in a motion to dismiss and supporting memorandum filed in a

20   different federal court action).  "When a court takes judicial notice of another court's

21   opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of

22   the opinion, which is not subject to reasonable dispute over its authenticity.'" Lee,

23   250 F.3d at 690 (quoting Southern Cross Overseas Agencies, Inc. v. Wah Kwong

24   Shipping Group Ltd., 181 F.3d 410, 426–27 (3rd Cir.1999)).

25              Defendants have requested the Court take judicial notice of several documents

26   filed in the San Joaquin County Superior Court.  Req. for Judicial Notice, ECF No. 18.

27   The relevant documents from the state court to be noticed are: (1) the complaint; (2) the

28   first amended complaint; (3) the second amended complaint; (4) Defendant's demurrer

1    to the second amended complaint; (5) the dismissal with prejudice; (6) the notice of entry

2    of dismissal; and (7) the complaint for damages.  Id.  Accordingly, since the cited

3    documents are all public records filed in state superior court, the Court will take judicial

4    notice of the requested documents.  However, the Court notices only the existence of

5    the documents and not the truth of the facts recited therein.

6         **B.  Claim Preclusion**

7         Given the resolution of Plaintiff's earlier state court case, Defendants argue that

8    Plaintiff's federal claims should be dismissed under the doctrine of res judicata,

9    specifically claim preclusion.  ECF No. 17, 5.  The Federal Full Faith and Credit statute,

10   28 U.S.C. § 1738, requires federal courts to "give to a state-court judgment the same

11   preclusive effect as would be given that judgment under the law of the State in which the

12   judgment was rendered."  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81

13   (1984).  This means that the decision of whether claim preclusion applies in this case will

14   rest on the application of California law.  In California, res judicata precludes a second

15   action if: (1) there has been a final determination on the merits; (2) on the same cause of

16   action; and (3) between the same parties or parties in privity with them.  Tensor Group v.

17   City of Glendale, 14 Cal. App. 4th 154, 160 (1993).  Each of these factors is met here.

18        First, California's general rule is that "[a] valid final judgment on the merits in favor

19   of a defendant serves as a complete bar to further litigation on the same cause of

20   action."  Slater v. Blackwood, 15 Cal. 3d 791, 794 (1975).  Under California law,

21   voluntary dismissal of an action with prejudice constitutes a final determination on the

22   merits and satisfies the requirement for res judicata.  Sierra Mgmt. Inc. v. City of

23   Sonoma, No. C-95-1664 SC, 1996 WL 147632, at *3 (N.D. Cal. Mar. 27, 1996) (citing

24   Roybal v. University Ford, 207 Cal. App. 3d 1080, 1085-87 (1989)).  Consequently, since

25   it appears that Plaintiff voluntarily dismissed her state action with prejudice (Req. for

26   Judicial Notice, ECF No. 18, Ex. E), the first criteria for claim preclusion is satisfied.

27        Second, Plaintiff could have brought her § 1983 claim in her state court lawsuit,

28   but failed to do so.  See Clark v. Yosemite Community College Dist., 785 F.2d 781, 786

1   (9th Cir. 1986) ("A section 1983 claim may be brought in California state courts.").  Under

2   California's doctrine of claim preclusion, "all claims based on the same cause of action

3   must be decided in a single suit; if not brought initially, they may not be raised at a later

4   date."  Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 897 (2002).

5           Distinct from the federal transactional theory of claim preclusion, California

6   defines a "cause of action" as comprising "of a 'primary right' of the plaintiff, a

7   corresponding 'primary duty' of the defendant, and a wrongful act by the defendant

8   constituting a breach of that duty."  Crowley v. Katleman, 8 Cal. 4th 666, 681 (1994).  "[I]f

9   two actions involve the same injury to the plaintiff and the same wrong by the defendant

10  then the same primary right is at stake even if in the second suit the plaintiff pleads

11  different theories of recovery, seeks different forms of relief and/or adds new facts

12  supporting recovery."  Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174.  "If the

13  same primary right is involved in two actions, judgment in the first bars consideration not

14  only of all matters actually raised in the first suit, but also all matters which could have

15  been raised."  Id.  at 1175.  "Thus, under the primary rights theory, the determinative

16  factor is the harm suffered."  Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 798

17  (2010).

18          The Plaintiff in this case attempts to allege that claim preclusion is not a bar to her

19  claim because the state action and current action involved different "primary rights."

20  Opp. to Mot. to Dismiss, ECF No. 22, 8:20-27.  That argument is not supported by case

21  law.  To the contrary, courts have come to the opposite conclusion.  See Hawkins v.

22  Starosciak, No. C 10-0248 JW PR, 2011 WL 3739038 (N.D. Cal. Aug. 24, 2011).  In

23  Hawkins, the plaintiff, a pro se prisoner, initially filed a state tort action that was later

24  dismissed in an order granting defendant's motion for summary judgment.  Id. at *1.  The

25  plaintiff subsequently filed a civil rights action pursuant to 42 U.S.C. § 1983 in federal

26  court.  Id.  The court found that the subsequent federal claim was barred by the doctrine

27  of res judicata because, under the California "primary rights theory," the plaintiff's state

28  tort action and the federal claim involved the same controversy under California law,

1   namely, defendant's potential culpability for the complained of injury.  Id. at *3.

2        Plaintiff has asserted the same facts and alleged the same injury in the current

3   action as she did in state court.  Both cases revolve around the Defendants' action, or

4   rather inaction, after Plaintiff slipped and fell while in state custody.  As a result, the

5   Court determines that Plaintiff's negligence claims in state court and the current claim

6   brought under § 1983 are the same cause of action for purposes of claim preclusion.

7        Finally, the third element of claim preclusion is also present.  Like the current

8   action, Plaintiff's complaint filed in state court named Jolene Johnson as plaintiff, and the

9   San Joaquin County Sheriff's Department and San Joaquin County Sheriff Steve Moore

10   as defendants, thus the cases involved the same parties.

11

12                                  **CONCLUSION**

13

14        Since the three requirements for claim preclusion are met, the San Joaquin

15   County Sheriff's Department's Motion to Dismiss (ECF No. 17) is GRANTED, and this

16   case is DISMISSED with prejudice.[3]  The Clerk of Court is directed to close the file.

17        IT IS SO ORDERED.

18   Dated:  March 30, 2015

19

20

21   _____
     MORRISON C. ENGLAND, JR, CHIEF JUDGE

22   UNITED STATES DISTRICT COURT

23

24

25

26

27        [3] Because Plaintiff is precluded from bringing her § 1983 action under the doctrine of res judicata,
     the Court need not address Defendant's arguments that Plaintiff's claim is also barred by her failure to

28   exhaust administrative remedies and failure to state a sufficient deliberate indifference claim.